IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| WILLIAM PRICE, | ) | |
| | ) | |
| Plaintiff, | ) | Civil Action No. 09-218J |
| | ) | |
| v. | ) | Judge Gibson |
| | ) | Magistrate Judge Bissoon |
| KENNETH R. CAMERON, *et al.*, | ) | |
| | ) | |
| Defendants. | ) | |

## MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION

### I. RECOMMENDATION

It is respectfully recommended that Defendants' Motion to Dismiss (Doc. 33) be granted.

### II. REPORT

Plaintiff was convicted of the summary offense of harassment and fined $100 in the Court of Common Pleas of Fayette County, Pennsylvania in 2003. Plaintiff filed a Post Conviction Relief Act ("PCRA") petition in the state court challenging his conviction, and relief was denied by the trial court on May 5, 2004 (Doc. 30, p. 2). Plaintiff was incarcerated on other charges at the State Correctional Institution at Cresson at that time, and he alleges that Defendants received his mail from the trial court, but did not deliver it to him. Plaintiff alleges in this prisoner civil rights suit that Defendants denied him access to the courts, and prevented him from timely appealing the denial of PCRA relief. Defendants move to dismiss (Doc. 33).

A. **Legal Standard**

Dismissal is appropriate under Federal Rule of Civil Procedure 12(b)(6) if, reading the complaint in the light most favorable to the plaintiff, and accepting all factual allegations as true, no relief could be granted under any "reasonable reading of the complaint" Phillips v. County of Allegheny, 515 F.3d 224, 233 (3d Cir. 2008). A complaint must be dismissed even if the claim

to relief is "conceivable," because a plaintiff must allege "enough facts to state a claim to relief that is plausible on its face." Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 570 (2007). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Ashcroft v. Iqbal, 556 U.S. __, 129 S.Ct. 1937, 1949 (2009).

    **B.**    **<u>Analysis</u>**

Defendants first assert that Plaintiff's claim is barred by the statute of limitations. The limitations period for actions brought under Section 1983 is determined by state law. Wilson v. Garcia, 471 U.S. 261, 272-76 (1985). Pennsylvania applies a two-year statute of limitations to civil rights actions brought pursuant Section 1983. 42 Pa. Cons. Stat. § 5524; Epps v. City of Pittsburgh, 33 F.Supp.2d 409 (W.D. Pa. 1998). Plaintiff's injury occurred in May, 2004, when he alleges that Defendants failed to deliver his mail, but Plaintiff alleges that he did not become aware that his PCRA petition had been denied until early May, 2007 (Doc. 37, p. 1). Plaintiff alleges that he sent a letter to the state court on May 10, 2007, and specifically requested "a copy of the signed court certified mail receipt" for the May 5, 2004 court order (Id.). Plaintiff does not indicate the date when he received a response from the state court, but indicates only that "at some point" he was sent the certified mail receipt bearing Defendant Delozier's signature, leading him to conclude that Delozier had "confiscated" his mail in May, 2004 (Id.).

A federal court relying upon a state statute of limitations also must apply the state's tolling principles. Weis-Buy Servs. v. Paglia, 411 F.3d 415, 422 (3d Cir. 2005). Under Pennsylvania law, the statute of limitations does not begin to run until a plaintiff has discovered, or, through the exercise of reasonable diligence should have discovered, an injury and its cause. Beauty Time, Inc. v. VU Skin Sys., Inc., 118 F.3d 140, 144 (3d Cir. 1997). The discovery rule

requires the Court to determine if Plaintiff has exercised reasonable diligence. Reasonable diligence for purposes of the discovery rule, and for purposes of equitable tolling, is an objective standard. Kingston Coal Co. v. Felton Min. Co., Inc., 456 Pa.Super. 270, 690 A.2d 284, 289 (1997). "The question of due diligence in discovering an injury, as it relates to a statute of limitations defense, is usually one for a jury's consideration. However, where the facts are so clear that reasonable minds cannot differ as to whether the plaintiff should reasonably be aware that he has suffered an injury, the determination as to when the limitations period commences may be made as a matter of law." Id. at 288.

    The critical determination in this case is when Plaintiff became aware of his injury and its cause, but it must be made on the basis of the pleadings at the motion to dismiss stage. The Court cannot determine from the pleadings when Plaintiff became aware of his cause of action. Therefore, the motion to dismiss must be denied in this respect.

    Defendants also assert, however, that their motion to dismiss should be granted for two other reasons. First, a claimed denial of access to the courts requires that Plaintiff allege a non-frivolous claim that actually was impacted by the complained-of activity. Christopher v. Harbury, 536 U.S. 403, 415-17 (2002); see also Lewis v. Casey, 518 U.S. 343, 354 (1996). "Like any other element of an access claim, the underlying cause of action and its lost remedy must be addressed by allegations in the complaint sufficient to give fair notice to a defendant." Christopher, 536 U.S. at 416; Oliver v. Fauver, 118 F.3d 175, 177 (3d Cir. 1997) (no "actual injury" where court actually received prisoner's correspondence and considered his arguments). In this case, Plaintiff's PCRA petition was dismissed because he was attempting to challenge a conviction for the summary offense of harassment for which only a fine of $100 was imposed. The PCRA does not apply to persons who are not sentenced to incarceration or a period of

probation for the challenged conviction. 42 Pa.C.S.A. § 9543(a)(1)(i-iii). Therefore, Plaintiff did not lose any remedy due to Defendants' actions. He lost his PCRA petition because his claim was not cognizable. Plaintiff has not stated a claim for denial of access to the courts.

Second, Plaintiff's claim is barred because he is attempting to attack the validity of his state court conviction. A prisoner may not bring a civil rights suit if its success would render invalid a criminal conviction that has not been "reversed on direct appeal, expunged by executive order, declared invalid . . . or called into question by a federal court's issuance of a writ of habeas corpus." Heck v. Humphrey, 512 U.S. 477, 487 (1994). While Plaintiff argues that he is not challenging his underlying conviction, he is mistaken. The very essence of Plaintiff's claim (as explained above) is that he was denied the right to pursue an appeal of his conviction. Plaintiff cannot have suffered prejudice in this respect unless he can prove that he would have succeeded on his PCRA appeal, i.e., he cannot obtain relief in this case without also proving that his state court conviction was invalid. Plaintiff's claim is barred by Heck.

### III. CONCLUSION

It is respectfully recommended that Defendants' Motion to Dismiss (Doc. 33) be granted.

In accordance with the Magistrates Act, 28 U.S.C. § 636(b)(1)(B) and (C), and Rule 72.D.2 of the Local Civil Rules for Magistrates, objections to this Report and Recommendation are due by August 25, 2010. Failure to timely file objections may constitute a waiver of any appellate rights.

s/ Cathy Bissoon  
Cathy Bissoon  
United States Magistrate Judge

Date: August 11, 2010

cc:
**WILLIAM PRICE**
FP-2118
SCI Cresson
P.O. Box A
Cresson, PA 16699